J-S67027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KAZIMIR CRAIG GROHOWSKI | |
| Appellant | No. 1713 MDA 2014 |

Appeal from the Judgment of Sentence October 19, 2009
In the Court of Common Pleas of Northumberland County
Criminal Division at No(s): CP-49—CR-0000706-2004

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED FEBRUARY 12, 2016**

Appellant, Kazimir Craig Grohowski, appeals *nunc pro tunc* from the judgment of sentence entered after a jury convicted him on three counts of delivery of contraband to a confined person.  After careful review, we affirm.

In 2004, Grohowski, a guard at the Northumberland County Prison, was charged with multiple crimes flowing from allegations that he, along with several other guards, had participated in a scheme to distribute contraband to prisoners, as well as criminally assaulting one prisoner.  The jury found him guilty of three counts of delivering contraband to the prisoners, but found him not guilty on the charge of aggravated assault of an inmate.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Prior to sentencing, Grohowski filed a motion for extraordinary relief, which the trial court granted. The Commonwealth appealed, and this Court reversed, concluding that Grohowski's claims were not extraordinary, and should have been addressed in post-sentence motions.

On remand, the trial court sentenced Grohowski to an aggregate term of imprisonment of two to four years. The trial court then granted Grohowski bail pending appeal. Nothing occurred in the case for nearly a year, and the Commonwealth filed a motion to revoke bail and commence sentence. Nearly two months after the Commonwealth's filing, on December 17, 2010, Grohowski filed a *nunc pro tunc* post-sentence motion. The Commonwealth objected, but the trial court granted reconsideration of the judgment of sentence.

Once again the docket lay fallow until June 23, 2011, when the Commonwealth filed a motion to declare Grohowski's *nunc pro tunc* post-sentence motions denied by operation of law. The trial court denied the Commonwealth's motion, and granted Grohowski's motion for judgment of acquittal. The Commonwealth again appealed to this Court.

This Court found that Grohowski's *nunc pro tunc* post-sentence motion had been denied by operation of law, and therefore the trial court had lost jurisdiction to rule on Grohowski's motion. The panel reversed the order and reversed for reinstatement of Grohowski's judgment of sentence. On

December 3, 2013, the Supreme Court of Pennsylvania denied Grohowski's petition for allowance of appeal.

Shortly thereafter, the Commonwealth filed a motion to commence Grohowski's sentence. On August 1, 2014, the trial court reinstated Grohowski's judgment of sentence and set a date for the commencement of his sentence. Grohowski did not file an appeal from this order.

Instead, Grohowski filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"). Of relevance to the current appeal, the PCRA court found that Grohowski had not been properly informed of the denial of his post-sentence motion by operation of law, and therefore reinstated his direct appeal rights *nunc pro tunc*. He then filed this direct appeal.

On appeal, Grohowski identifies six issues. Preliminarily, we note that his second issue, concerning trial counsel ineffectiveness, and his third and fourth issues, raising an argument that his speedy trial rights were violated by counsel's filing of continuances without Grohowski's knowledge or consent, are not ripe in this direct appeal. Grohowski has made no attempt to show good cause why his ineffectiveness claims should be reviewed on direct appeal, and has not expressly waived his right to pursue these claims *via* a PCRA petition. We therefore cannot review them in this direct appeal. *See Commonwealth v. Holmes*, 79 A.3d 562, 577-578 (Pa. 2013).

In his first issue, Grohowski contends that the prosecutor committed misconduct by urging the jury, in his closing argument, to "'send a message

to the community' by convicting Grohowski, and by repeatedly introducing evidence concerning the prison where it is alleged illicit activities, beyond those allegedly concerning Grohowski, occurred." Appellant's Brief, at 7.

> The phrase "prosecutorial misconduct" has been so abused as to lose any particular meaning. The claim either sounds in a specific constitutional provision that the prosecutor allegedly violated or, more frequently, like most trial issues, it implicates the narrow review available under Fourteenth Amendment due process. ***See Greer v. Miller***, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) ("To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial.") (internal quotation marks omitted); ***Donnelly v. DeChristoforo***, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974) ("When specific guarantees of the Bill of Rights are involved, this Court has taken special care to assure that prosecutorial conduct in no way impermissibly infringes them."). However, "[t]he Due Process Clause is not a code of ethics for prosecutors; its concern is with the manner in which persons are deprived of their liberty." ***Mabry v. Johnson***, 467 U.S. 504, 511, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984). The touchstone is the fairness of the trial, not the culpability of the prosecutor. ***Smith v. Phillips***, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). If the defendant thinks the prosecutor has done something objectionable, he may object, the trial court rules, and the ruling—not the underlying conduct—is what is reviewed on appeal. Where, as here, no objection was raised, there is no claim of "prosecutorial misconduct" as such available. There is, instead, a claim of ineffectiveness for failing to object, so as to permit the trial court to rule. ***Cf***. ***id***.

***Com. v. Tedford***, 960 A.2d 1, 28-29 (Pa. 2008).

We initially note that this issue actually combines two issues into one. First, Grohowski alleges that the prosecutor committed misconduct by urging the jury to "send a message" in his closing argument. However, Grohowski has failed to identify where in the record he objected to the prosecutor's

remark, and our independent review of the record has revealed no objection was lodged. Indeed, Grohowski, in his arguments regarding ineffectiveness of counsel, concedes that counsel did not object. This issue was therefore not preserved, and we find it waived. *See Tedford*.

Even if it were not waived, we would not find the prosecutor's argument, viewed as a whole, to have risen to the level of misconduct. While the prosecutor used versions of the phrase "send a message," he immediately pointed out that the jury's task was only to determine whether Grohowski had committed the crimes charged:

> But I submit that in terms of your verdict, ladies and gentlemen, not only – and this is your primary task. Not only – really the only task, to find Mr. Grohowski guilty beyond a reasonable doubt. But in terms of that verdict, perhaps if people are listening, sending that message for change of what's going on down there.

> But that your first – and I submit to you, your first and primary task, and only task, really is Kazimir Grohowski. Anything else that happens is inconsequential to you, ladies and gentlemen. That's the task provided to you. That is the task before you.

N.T., Trial, 9/19/06, at 208-209. The prosecutor's argument, while flirting with urging the jury to "send a message," consistently reminded the jury to focus on the conduct of Grohowski. When viewed as a whole, we conclude that Grohowski cannot establish that the prosecutor's argument caused jurors to decide the case on improper grounds.

The second argument conflated in Grohowski's issue raising prosecutorial misconduct involves the elicitation of evidence regarding

crimes committed by other persons at the prison. Once again, Grohowski concedes, in his argument raising ineffectiveness of counsel, that trial counsel failed to object to the introduction of any of this evidence. This issue is therefore waived. **See Tedford**.

Even if this issue were properly before us, we would conclude that the evidence elicited did not rise to prosecutorial misconduct. The prosecutor in this case was faced with the difficult challenge of having prison inmates as primary eyewitnesses. Grohowski challenged the credibility of these witnesses, and in effort to buttress their credibility, the prosecutor elicited testimony regarding the atmosphere at the prison. This evidence was not aimed at tarring Grohowski with the misconduct of others, but was presented in the context of an explanation why other guards were not testifying on behalf of the prosecution, and further, why the inmates did not immediately report instances of corruption or abuse. Since Grohowski challenged the credibility of the inmate eyewitnesses, the Commonwealth was entitled to address their credibility in this manner.

As Grohowski failed to preserve either of his arguments in his first blended issue, we conclude that he is due no relief on that issue.

In his fifth issue, Grohowski challenges the sufficiency of the evidence supporting his convictions. Grohowski's argument concedes that the evidence submitted at trial was sufficient to establish that he had handled packages of marijuana, cocaine, and methamphetamine. **See** Appellant's

Brief, at 25. Grohowski instead focuses on the Commonwealth's failure to present evidence establishing that these three compounds were listed in schedules I through IV of the Controlled Substance, Drug, Device and Cosmetic Act ("the Act"). However, Grohowski fails to cite to any authority requiring such evidence, nor has our independent research located any. Most likely, this is due to the fact that whether a compound is listed under the Act is a question of law, and not a question of fact. We therefore conclude that Grohowski's challenge to the sufficiency of the evidence merits no relief.

In his final issue, Grohowski argues that the trial court had jurisdiction to grant his *nunc pro tunc* motion to file post-sentence motions. We conclude that the issue is moot. **See Commonwealth v. Nava**, 966 A.2d 630, 632-633 (Pa. Super. 2009) ("A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."). Even if we were to conclude that Grohowski is correct, we have already concluded that he has raised no meritorious issue on appeal. Furthermore, Grohowski does not identify any order entered by the trial court which allegedly mistakenly relied upon reasoning that the trial court did not have jurisdiction. Grohowski does not even identify an issue that he would have raised in post-sentence motions that he has not currently argued. As such, the issue is moot and merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2016